## Frank N. Derby, Defendant in Error, v. Herman Gudichsen and Matilda P. Gudichsen, Plaintiffs in Error.

### Gen. No. 20,646.

BROKERS, § 90*—*when evidence sufficient to show performance of contract.* In an action by a real estate broker to recover commissions for services in negotiating a contract for the exchange of defendants' real estate where the evidence shows that the other party to the contract owned the property which he offered in exchange, though he had the title taken in the name of another when he purchased it, it is sufficient to show that plaintiff had procured the execution of a valid and enforceable contract and to support a recovery of the commissions provided for in the contract.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

CHYTRAUS, HEALY & FROST and EDWIN WHITE MOORE, for plaintiffs in error.

ARTHUR A. BASSE, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a suit for commissions under a contract made between the defendants and Edward J. Novak providing for the exchange of real estate. Upon trial plaintiff had judgment for two hundred dollars, which is the amount provided for by the contract to be paid by the defendants. The property which Novak agreed to give in exchange for defendants' property was a farm in the county of Marinette and State of Wisconsin. That the services in the negotiation of the contract were rendered by plaintiff is not disputed, but the point defendants made upon the trial and now present to this court as a basis for a reversal is that the plaintiff is required to prove that Novak "had a good and sufficient title" to the farm, and that no proof of such fact was offered.

It is urged by the defendants that the law is that a real estate broker suing for commissions for procuring an exchange of pieces of real estate must prove that the opposite party has a good and sufficient title to the lands agreed by him to be conveyed, and in case of failure to make such proof no recovery can be had. Whether or not this is the law we do not feel called upon to determine, for the reason that in our opinion the evidence sufficiently shows that Novak had the right to sign the contract in question and that the defendants could, if they had seen fit, have enforced its performance by him. It is not denied that Novak, as he testified, owned the Wisconsin farm, and when he bought it he had the title taken in the name of "James J———." These facts bring the case exactly within the decision in the case of *Kuhn v. Eppstein*, 219 Ill. 154, where it was held that the person holding the title held it merely as an agent of the owner and subject to his order, the court in its opinion saying: "The contract was signed by the real equitable owner of the premises. It cannot be disputed that he had full power and authority to make the contract of sale, or to make any

other disposition of his own property as he might see fit * * * we see no reason why the contract was not mutual and could not be enforced by either of the parties thereto, one against the other.'' We think this opinion is decisive of the point before us. It follows therefore that the plaintiff, having been the means of procuring the execution of a valid and enforceable contract between the parties was entitled to the commission as therein provided.

We do not think there is any merit in the point that Harold J. Derby, an alleged copartner of the plaintiff, should also have been made a plaintiff. An examination of the record does not sustain the contention of the defendants that there is a copartnership consisting of Frank N. Derby and Harold J. Derby.

We see no reason to disturb the finding and judgment, and the judgment is affirmed.

*Affirmed.*